IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

JENNIFER DIBABBO,

    Plaintiff,

  v.

U.S. POST OFFICE SICKLERVILLE,

    Defendant.

HONORABLE JEROME B. SIMANDLE

Civil No. 17-1528 (JBS-KMW)

**MEMORANDUM OPINION**

**SIMANDLE, District Judge:**

Plaintiff Jennifer Dibabbo's relationship with the U.S. Postal Service has not been a smooth one. According to her Complaint, the Postal Service has misdirected mail that she sent and has lost important mail and merchandise addressed to her. She brought suit against the Defendant "U.S. Post Office Sicklerville" in the Superior Court of New Jersey, which was removed to this Court by the Defendant on behalf of the United States.

The defendant now seeks to substitute the United States of America as the proper defendant and to dismiss this for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. This dismissal motion is unopposed by Plaintiff. The

Court decides the motion without oral argument pursuant to Rule 78, Fed. R. Civ. P.

**I.    PROCEDURAL HISTORY**

Plaintiff filed a Complaint in the Superior Court of New Jersey, Camden County, on February 13, 2017, alleging that her local post office erroneously returned mailings to her as undeliverable or that the address was a vacant house when it was actually occupied. She also alleges that an expected package was delivered to the wrong address and never located, that she was billed for the package by the sender, and that the Postal Service never delivered the bill either. She claims that because of the Postal Service's negligence, she missed her payment, which affected her credit score. She seeks monetary damages from the Postal Service, claiming loss of business opportunity and credit standing.

The United States properly removed the case to federal court pursuant to 28 U.S.C. §§ 1346(b), 1442(a)(1), and 2679.

In this motion, defendant submits the Declaration of Kimberly Herbst, documenting the fact that plaintiff has not filed any administrative claim regarding this action with the U.S. Postal Service.

**II.   DISCUSSION OF LAW**

It is clear that this case is governed by the Federal Tort Claims Act, as the Plaintiff seeks money damages arising from

2

the negligence of an agency or employee of the United States during the course of official duties. 28 U.S.C. § 1346(b). The sole proper defendant in a Federal Tort Claims Act case is the United States of America. 28 U.S.C. § 2679(a). Accordingly, the United States is substituted as the defendant in place of U.S. Post Office Sicklerville.

Failure to name the United States is not necessarily fatal to Plaintiff's case; there is a degree of liberality in interpreting the pleadings of a pro se plaintiff which is elastic enough to deem the caption amended to name the United States as a defendant. Even if the United States is named as the defendant, however, the Court must dismiss Plaintiff's claims because she has not complied with the jurisdictional prerequisites for bringing suit under the Federal Tort Claims Act.

It is well established that the Federal Tort Claims Act provides exclusive remedy for tort claims against the United States and that it grants a limited waiver of the sovereign immunity of the United States, provided that all prerequisites to suit have been met. See 28 U.S.C. § 1346(b)(1); White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010); Santos v. United States, 559 F.3d 189, 193 (3d Cir. 2009). Under the Federal Tort Claims Act, a plaintiff cannot sue the United States unless she files a claim with the appropriate agency and

3

the agency denies the claim in writing; this document is called an Administrative Claim.  See 28 U.S.C. § 2675(a); Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  The obligation to exhaust administrative remedies before commencing suit is a jurisdictional requirement that cannot be waived.  White-Squire, 592 F.3d at 457; Roma, 344 F.3d at 362.  Statutory time limits also set the limits upon filing such an administrative tort claim and for the filing of a civil action after the date of the agency's final denial of such a claim, see 28 U.S.C. § 2401(b).

The Plaintiff's Complaint does not allege that she has filed an administrative tort claim, nor that one has ever been acted upon by the Postal Service, and the Postal Service records confirm that Plaintiff never filed an administrative tort claim. Herbst Decl., ¶ 6.

Accordingly, this Court lacks subject matter jurisdiction and Plaintiff's Complaint must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction, and the accompanying Order will be entered.


**November 1, 2017**             **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                            U.S. District Judge